IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW WADSWORTH,<br><br>    Petitioner,<br><br>v.<br><br>MATTHEW C. KRAMER, Warden, and the ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>    Respondents | No. C 07-5241 MMC<br><br>**ORDER OF SERVICE; DIRECTING RESPONDENTS TO FILE RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS** |

    Before the Court is Andrew Wadsworth's petition for a writ of habeas corpus, filed October 12, 2007, pursuant to 28 U.S.C. § 2254.

## BACKGROUND

    Petitioner was charged in Alameda County Superior Court with the murder of Antonio Young, under Cal. Pen. Code § 187, subd. (a). See People v. Wadsworth, 2006 WL 3293420, *1 (Cal. App. 2006). The charge included allegations "that in the course of the homicide [petitioner] intentionally discharged a firearm and caused great bodily injury and death (§ 12022.53, subd. (d)), personally used a firearm (§ 1203.06, subd. (a)(1)), and intentionally inflicted great bodily injury ( § 1203.075)." See id. Following trial, a jury found petitioner guilty as to the murder charge, "finding the murder to be in the first degree and that the special enhancement allegations were all true." See id. Petitioner "was sentenced

to 50 years to life: 25 years to life for first degree murder, and 25 years to life for the infliction of great bodily injury through use of a firearm." Id.  On November 14, 2006, the California Court of Appeal affirmed the judgment.  See id. at *9.  On July 11, 2007, the California Supreme Court denied review.  (See Pet. and Mem. in Support of Pet. at 3:3-5.)

## DISCUSSION

### A. Legal Standard

A district court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  See 28 U.S.C. § 2254(a).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  See 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are "vague or conclusory," "palpably incredible," or "patently frivolous or false."  See Hendricks v. Vasquez, 908 F. 2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

### B. Petitioner's Claims

In his petition, petitioner makes the following claims:  (1) petitioner was "deprived of his right to be represented by competent counsel," (see Pet. at 3:11), because petitioner's trial counsel "never asked the petitioner if he was enraged or in the heat of passion when he shot Antonio Young," (see id. at 3:21-23), and "failed to investigate other witnesses who could have corroborated petitioner Wadsworth's testimony that Antonio Young had shot persons in the past," (see id. at 4:20-21); (2) "the exclusion of Antonio Young's admissions that he had shot other persons was a violation of the petitioner Wadsworth's Due Process Rights under the Fifth and Fourteenth Amendments to the United States Constitution, and a violation of the petitioner's right to Confront Witnesses against him and his right to Subpoena Witnesses under the Sixth Amendment to the United States Constitution," (id. at 4:5-10); and (3) "[t]he admission of prior acts of misconduct to impeach Tracy Hill and

Andrew Wadsworth was a violation of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution," (id. at 5:13-16).

The Court cannot say, from the face of the pleadings, that the claims alleged by petitioner are vague, conclusory, palpably incredible, or patently frivolous or false. Consequently, respondent will be directed to file a response to the petition. Specifically, respondent will be directed to either file a motion to dismiss, if such a motion is warranted, or, alternatively, to file an answer, attaching thereto a copy of all portions of the state record relevant to a determination of the issues presented by the petition, and a supporting memorandum of points and authorities.

## CONCLUSION

In light of the foregoing:

1. The Clerk of the Court shall serve by certified mail a copy of this order, the Petition, and the Memorandum in Support of Petition for Writ of Habeas Corpus upon respondents.

2. Respondents shall file, within 30 days of the date of service of this order, either a motion to dismiss, noticed for hearing pursuant to Civil Local Rule 7-2, or an answer and supporting memorandum of points and authorities.

3. In the event respondents file an answer, petitioner may, within 30 days thereafter, file a reply.

**IT IS SO ORDERED.**

Dated: October 22, 2007

MAXINE M. CHESNEY
United States District Judge

3